Case 1:02-cv-00165 Document 15 Filed in TXSD on 02/03/2003 Page 1 of 4

United States District Court
Southern District of Texas
FILED

FEB 0 3 2003

Michael N. Milby
Clerk of Court

15

No. 2002-06-2558-G

| | | |
|---|---|---|
| CARLOS TREVINO, et al., | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY AND OFFICER RAUL GARZA | § | 404TH JUDICIAL DISTRICT |
| Defendants. | § | |

**DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT: CAB-02-165

NOW COME Defendants Texas Department of Public Safety (DPS) and Officer Raul Garza, by and through counsel, the Attorney General for the State of Texas, and submit this Defendants' Original Answer and Jury Demand. In support thereof, the Defendants respectfully offer the following:

**I.**

**GENERAL DENIAL**

1. Pursuant to Texas Rule of Civil Procedure 92, Defendants deny each and every allegation contained in the Plaintiffs' Petition, except those expressly admitted herein.

2. Defendant the Texas Department of Public Safety (DPS) admits that it is an agency of the State of Texas.

3. Defendant Raul Garza admits that he was an employee of DPS at all times relevant to this lawsuit.

**II.**

**DEFENSES**

4. Defendant Raul Garza hereby asserts his entitlement to official immunity against Plaintiff's claims brought against him under the Constitution and laws of the State of Texas.

5. Defendant Raul Garza hereby asserts his entitlement to qualified immunity against Plaintiff's claims brought against him under the Constitution and laws of the Unite ' States.

6. Plaintiffs have sued DPS, a state agency, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, neither the State of Texas nor any of its agencies is subject to suit or liability under state law.

7. The waiver of sovereign immunity effectuated by the Texas Tort Claims Act is specific and limited in scope. Section 101.021 of that Act provides in pertinent part that a *government unit* may be held liable for "personal injury and death so cause by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE §101.021 (Vernon 1990). See also TEX. CIV. PRAC & REM. CODE §101.025(a)(Vernon 1990) ("Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter).

8. Defendants state Plaintiffs have failed to give requisite notice of this claim pursuant to TEX. CIV. PRAC. & REM. CODE §101.101(a).

9. Defendant Raul Garza states he is not a proper party to suit brought under The Texas Tort Claims Act.

10. Defendants aver that Plaintiff has not pled a "condition or use of tangible personal or real property" which proximately caused "personal injury or death."

11. In the absence of an effective waiver of immunity under the Tort Claims Act, Defendant DPS asserts entitlement to Eleventh Amendment immunity and sovereign immunity.

12. Defendant DPS asserts that claims premised upon the doctrine of *respondeat superior* do not abrogate Eleventh Amendment and sovereign immunity.

13. Defendants assert that liability for claims brought pursuant to §101.001, *et seq.*, of the Texas Civil Practice and Remedies Code is limited by §101.023 and hereby asserts the limit as set forth therein.

14. The Defendant states that the Texas Tort Claims Act does not apply to intentional torts.

15. Defendants assert that the Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution. Therefore, Defendants assert entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted and any other pendent state claims to which these defenses apply.

## III.

## DEFENDANTS' JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendants DPS and Raul Garza respectfully demand a trial by jury.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants urge this Court to deny the Plaintiffs any and all relief demanded in their petition and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

CARLOS D. LOPEZ
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24007566

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

ATTORNEYS FOR DEFENDANTS DPS AND GARZA

## CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Original Answer and Jury Demand** has been served by fax and by placing same in the United States Mail, postage prepaid, on this 14th day of August, 2002, addressed to:

Reynaldo G. Garza, III
Attorney and Counselor at Law
680 E. St. Charles, Ste. 110
Brownsville, Texas 78520
**Faxed:** (956) 574 9502/6
*Counsel for Plaintiffs*

CARLOS D. LOPEZ
Assistant Attorney General