26

United States District Court
Southern District of Texas
FILED

NOV 1 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS TREVINO, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| *Defendants.* | § | **JURY** |

## Joint Pretrial Order

### 1. Appearance of Counsel

Attorney for Plaintiffs:

>   Reynaldo Garza, III
>   Law Office of Ernesto Gamez, Jr., P.C.
>   777 E Harrison Street
>   Brownsville, Texas 78520
>   (956) 541-3820
>   (956) 541-7694 FAX

Attorneys for Defendants

>   Seth Byron Dennis
>   Assistant Attorney General
>   Law Enforcement Defense Division
>   P.O. Box 12548
>   Capitol Station
>   Austin, Texas 78711
>   (512) 463-2080
>   (512) 495-9139 FAX

### 2. Statement of the Case

Plaintiffs filed suit against the Texas Department of Public Safety for the alleged violation of their Constitutional rights and under State tort law pursuant to the Texas Tort Claims Act. Plaintiffs also bring suit against Trooper Raul Garza for the alleged violation of their Fourth Amendment Constitutional right to be free from false arrest and excessive force. The incident made

the basis of Plaintiffs' complaint occurred during a roadside traffic stop on July 22, 2001. Trooper Garza contends that his actions were objectively reasonable and that he is entitled to qualified immunity.

### 3. Jurisdiction

Plaintiffs brought suit pursuant to 42 U.S.C. § 1983. Jurisdiction is conferred upon the Court by 28 U.S.C. § 1343. This cause of action does not contain any unresolved jurisdictional questions.

### 4. Motions

1.    Defendants' Motion for Summary Judgment.

### 5. Contentions of the Parties

**Plaintiffs' Contentions:**

On July 22, 2001, at approximately 4:30 p.m. Trooper Raul Garza was working routine patrol north of Harlingen when Garza was asked to assist Border Patrol in stopping a vehicle that was traveling at a high rate of speed. No information was provided as to the license plate or why the vehicle needed to be stopped. Trooper Garza eventually caught up to the green pick-up in which the Plaintiff was riding.

Carlos Trevino, the sole remaining Plaintiff in this case, was the driver of the pick-up. He and his family were returning to Brownsville from San Antonio. At no time had he been speeding or avoiding Border Patrol in any way. Mr. Trevino was never even aware that any police vehicles were behind him, much less that an aircraft was tracking him.

Somewhere near Combes, Texas, as Mr. Trevino cleared a highway overpass, he noticed a marked patrol car of the Texas Department of Public Safety (DPS) with its overhead lights on parked in the right shoulder of the expressway. As Mr. Trevino approached, a DPS trooper deployed a belt with spikes across the lane he was traveling in. Recognizing that his tires would pop if he crossed

passed over the spikes, Mr. Trevino stopped his Truck. At that point Mr. Trevino is completely oblivious to why he was being stopped.

Trooper Garza arrived within seconds. In fact the video from Trooper Garza's patrol car recorded Mr. Trevino's vehicle stopping at the spikes. Immediately upon arrival, Trooper Garza, along with several other officers from various agencies descended upon Mr. Trevino's pick up with their firearms raised and barking orders. Mr. Trevino and all the members of his family complied with the orders they were given.

Mr. Trevino had his hands held in a visible manner high in the car, as did much of his family. The windows were rolled up. Police sirens were blaring and loud. The scene was quite hectic.

Trooper Garza, unreasonably and without any need for his actions, opened the driver's door to the pick-up and in an excessive use of force, struck Carlos Trevino in the back of the neck and yanked him to the pavement in a vicious manner, and thereby caused him severe injury. Carlos Trevino has undergone surgery to repair the injuries sustained as a result of the unreasonably forceful actions of Trooper Garza.

**Defendants' Contentions:**

On July 22, 2001, at approximately 4:30 p.m., Trooper Garza was working routine patrol on U.S. 77 in Kenedy County, Texas, north of Raymondville. Trooper Garza was asked by DPS Harlingen Communications operator Linda Archer to assist United States Border Patrol agents who were trying to stop a vehicle that was eluding them at a high rate of speed. The vehicle was east bound on Texas Hwy 186 from Starr County. No information was provided pertaining to the vehicle's license plate or the reason why it might be eluding the Border Patrol.

Trooper Garza proceeded south on U.S. 77 from Kenedy County to Business 77 and Texas Hwy 1761 where he parked and monitored his DPS radio to determine which direction the suspect

vehicle would go once it reached the intersection of Texas Hwy 186 and Texas Hwy 1761. The vehicle was being tracked by Border Patrol aircraft. Trooper Garza attempted to make radio contact with the aircraft, but it never acknowledged. However, Trooper Garza was able to monitor the aircraft and it informed Border Patrol ground units that the vehicle had turned south on FM 1834 from Texas Hwy 186. The suspect then turned east on FM 490 and proceeded towards U.S. 77. Trooper Garza drove to U.S. 77 where he turned south in order to intercept the vehicle. DPS Harlingen communications advised Trooper Garza that Trooper Leonel Trevino was traveling north on U.S. 77 from Harlingen to assist.

At the time of the incident in question, Trooper Garza had been a peace officer for nine years and based upon his experience, some pursuits originating in Starr County are drug related. Due to the distance  and length of the pursuit of the suspect vehicle, the origin of the pursuit, and the fact that Border Patrol aircraft was used to report the vehicle's location, Trooper Garza thought that Border Patrol was pursuing a drug courier.

The vehicle was described to Trooper Garza as a green Chevrolet pickup with the tailgate down. The vehicle was said to be traveling south on U.S. 77 and had just passed the floodway bridge north of Orphanage Road in Cameron County. Trooper Garza was also traveling south on U.S. 77 with his siren and overhead lights on. Trooper Garza drove up on a green pickup truck with its tailgate down. Trooper Garza also observed a county police unit with its emergency lights on in the shoulder by the pickup. Trooper Garza observed the green pickup slow down to approximately 40 m.p.h. At that time, Trooper Garza saw Trooper Trevino deploy the spike system in front of the green pickup truck. Trooper Garza had approximately 10 seconds from his initial visual contact of the green pickup to seeing Trooper Trevino deploy the spike system. Trooper Garza did not have time to confirm the identity of the vehicle. However, based upon the description provided to Trooper

Garza, the slowing down and maneuvering of the vehicle prior to running over the spike system, and the observation of Trooper Trevino deploying the spike system, Trooper Garza thought that the green pickup was the vehicle in question. The pickup truck stopped prior to running over the spike system.

Trooper Garza drove up along the left side of the vehicle to prevent it from driving around the spike system. Trooper Garza exited his vehicle and gave four verbal commands to the driver to exit the vehicle. The driver did not respond, move or exit the vehicle. Due to the window tint and glare, Trooper Garza was unable to observe the number of occupants in the vehicle. Trooper Garza feared for his and the other officers safety as it was still possible for the vehicle to back up and elude them as there was nothing blocking it from behind.

Trooper Garza approached the driver's side of the vehicle with his weapon drawn and ordered the driver to exit the vehicle and get down on the ground. Trooper Garza drew his weapon due the duration of the pursuit and his inability to determine the number of occupants of the vehicle. Again, the driver did not respond. Trooper Garza opened the driver's side door. Trooper Garza holstered his weapon and pulled the driver out of the truck, and again ordered him to the ground. The driver complied and did not resist. Trooper Garza handcuffed the driver for everyone's safety. Laying the driver on the ground was necessary in order to immobilize the driver and handcuff him in the safest manner.

Troopers Trevino and Lopez got the remainder to the occupants out of the vehicle. After a brief period, the vehicle occupants were lead off the road to the side of the road. Border Patrol arrived within minutes. It was determined that the wrong green pickup truck had been stopped and that the correct vehicle had been stopped a few miles down the road. Once it was determined the vehicle which had been stopped was not the vehicle being pursued, the occupants were released. The occupants are the Plaintiffs.

## 6. Admissions of Fact

1.      Trooper Garza was employed by the Texas Department of Public Safety during the incident in question.

## 7. Contested Issues of Fact

1.      Whether Trooper Garza used excessive force in removing Carlos Trevino From the truck.

2       The extent of damages suffered by Carlos Trevino.

3.      Whether the actions of Trooper Garza were objectively reasonable in light of the circumstances surrounding the stop and detention of Carlos Trevino.

## 8. Agreed Propositions of Law

1.      Trooper Garza acted under color of state law.

2.      Plaintiff has alleged a violation of a clearly established right.  i.e.  The fourth amendment right to be free from excessive force during arrest.

## 9. Contested Propositions of Law

1.      Whether Trooper Garza is entitled to qualified immunity.

2.      Whether Trooper Garza is entitled to the protections of the Texas Penal Code § 9.51.

3.      Whether Trooper Garza violated the Plaintiffs' rights under the 4th amendment through excessive force.

## 10. Exhibits

Plaintiffs' exhibit list is attached as Attachment 1.

Defendants' exhibit list is attached as Attachment 2.

## 11. Witnesses

Plaintiffs' witness list is attached as Attachment 3.

Defendants' witness list is attached as Attachment 4.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

## 12. Settlement

This case has not been mediated and no effort to settle has been made as of this date.

## 13. Trial

A.    The probable length of trial for this cause of action is 4 days.

B.    The parties cannot foresee a logistical problem with this cause of action.

## 14. Attachments

A.    This cause of action is a jury trial:

   (1)    Proposed questions for the voir dire examination.

          Plaintiffs' questions are attached as Attachment 5.

          Defendants' questions are attached as Attachment 6.

   (2)    Proposed charge, including instructions, definitions, and special interrogatories, with authority.

          Plaintiffs' are attached as Attachment 7.

          Defendants' are attached as Attachment 8.

Date: _____

_____

HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE

Approved:

Date: _____

_____

Reynaldo Garza, III
Attorney-in-Charge for Plaintiffs

Date: _____

_____

Seth Byron Dennis
Attorney-in-Charge for Defendants

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

# FAX Cover Sheet

## LAW ENFORCEMENT DEFENSE DIVISION

**P.O. Box 12548**
**Austin, TX 78711-2548**
**Phone Number:**    **512-463-2080**
**FAX Number:**    **512-495-9139**

**To:**    Reynaldo Garza, III.
        Attorney and Counsel at Law

**Company/Agency:** Law Office of Ernesto Gamez, Jr., P.C.

**Date:** November 14, 2003               **FAX Number:** 956-541-7694

**From:**    Seth Byron Dennis
          Assistant Attorney General

**Number of pages (including cover sheet): 2**

**Re:**    *Carlos Trevino, et al. v. State of Texas, et al.;*
        Civil Action No. B-02-165

Please find the signature page for the Joint Pre-Trial Order. The changes you made are o.k.

Thank you.

**Confidentiality Notice:**
If you have received this facsimile transmission in error, please note these documents may contain confidential information that cannot be disclosed without violating the criminal provisions of the Texas Open Records Act or Texas Penal Code 39.03. If you have received these documents in error, please call the sender at the number listed above to arrange for the return of the documents. Thank you.

Date: _____          _____
                                 HILDA G. TAGLE
                                 UNITED STATES DISTRICT JUDGE

Approved:

Date: _____

                                 _____
                                 Reynaldo Garza, III
                                 Attorney-in-Charge for Plaintiffs

Date: _11·14·03_                 _____
                                 Seth Byron Dennis
                                 Attorney-in-Charge for Defendants

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO**, *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS**, *et al.,* | § | |
| *Defendants.* | § | **JURY** |

### Plaintiff's Requested Jury Voir Dire

Plaintiff in the above styled and numbered cause requests that the following questions be asked of the jury panel, in the same or substantially similar wording:

1. Have you or any members of your family or close friends ever had any dealings with the Office of the Reynaldo Garza, III or Ernesto Gamez, Jr. or have you or any relatives or close friends ever worked for the Office of Reynaldo Garza, III or Ernesto Gamez, Jr. or been involved in a lawsuit in which one side was represented by the Office of Reynaldo Garza, III or Ernesto Gamez, Jr.?

2. Have you or members of your family or close friends ever sued the State of Texas, an agency of the State or any employees of the State?

3. Have you, your family members or close friends ever been a Defendant in a lawsuit for any reason?

4.    Do you know, or have you, your family members, or close friends, ever had any dealings whatsoever with any of these individuals? (Plaintiff and Defendants, together with their witnesses)

5. Some of the witnesses are peace officers. Would any of you be less inclined to credit the

testimony of a peace officer simply because of his position?

      6.     Have you, your family members or close friends ever been arrested?  If so, did the arrested person feel that they had been unfairly treated during or after the arrest?  Was the arrested person placed in jail or prison?  If so, did he or she feel that he or she had been mistreated by the guards or other inmates?

      7. Are any of you, your family members, or close friends, lawyers or law students, or have any of ever studied law in the past?

      8. Have any of you, your family members or close friends ever been a witness to, victim of, or detained, or arrested for any crime?

      9. Have any of you ever sat on a jury in a civil trial or a criminal trial please3desigante?

      10. Do any of you feel that just because a person is injured during an incident, mentally or physically, that someone else must be at fault?

      11. Has anyone formed or expressed an opinion that a plaintiff generally or these plaintiffs should recover from the defendants?

      12. Do any members of the panel belong to any organization which has as one of its goals the limitation of lawsuit abuse?  Would this affiliation make you more likely to favor the Defendant just because he has been sued?

      13. Have any of you, your family members or close personal friends ever been sued.  If so describe the suit.

      14. Based on everything you now know about the case, have you formed an opinion as the Plaintiff's right to recover against the Defendant, or do you feel that there is any reason why you cannot render a fair and impartial verdict based solely on the evidence you hear at trial and the law as I instruct you in it, and without regard to passion, prejudice or sympathy?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

**Plaintiff's Proposed Instruction**
**Excessive Force**
**Instruction No.___**

Plaintiffs have alleged that Trooper Garza used excessive force against them. In order to demonstrate the use of excessive force, the plaintiff must prove some injury, which resulted directly and only from the use of force that was clearly excessive to the need, and that the force used was objectively unreasonable.

*Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

*Bender v. Brumley*, 994 F.2d 1151, 1155 n.4 (5th Cir. 1993).

*Glenn v. City of Tyler*, 242 F.2d 307, 314 (5th Cir. 2001).

*Mouille v. City of Live Oak, Texas*, 977 F.2d 924 (5th Cir. 1992).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

### Plaintiff's Proposed Instruction

### Qualified Immunity
### Instruction No.___

If you find that Plaintiffs have proven their claims, then you must consider whether Trooper Garza acted with qualified immunity. Qualified immunity shields a public employee from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. A public employee should not be punished for performing his functions if such actions were reasonable under the circumstances. Without such assurances, public employees would be unable to make decisions that are necessary to accomplish the public's business.

As a peace officer, Trooper Garza is a public employee. Peace officers are presumed to know about the basic, unquestioned constitutional rights of inmates. Thus Plaintiffs need not prove that Trooper Garza acted with specific knowledge of the particular right that was violated.

In this case, Trooper Garza claims that he is entitled to qualified immunity because his actions were objectively reasonable. The burden is on Plaintiffs to overcome Trooper Garza's defense of qualified immunity. To do so, Plaintiffs must show that Trooper Garza's conduct was not objectively reasonable under the circumstances. Qualified immunity would be defeated if a public

employee knew or reasonably should have known that the action they took within their sphere of official responsibility would violate the constitutional rights of the Plaintiffs, or if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. Ct. 2727 (1982).

*Mitchell v. Forsyth,* 472 U.S. 511, 105 S. Ct. 2806 (1985).

*Anderson v. Creighton,* 483 U.S. 635, 107 S. Ct. 3034 (1987).

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

**Jury Interrogatories**

**Interrogatory No.___**

Do you find that Plaintiffs proved by a preponderance of the evidence that Trooper Garza used excessive force?

Answer "Yes" or "No".

Answer:_____

**Interrogatory No.___**

Is Trooper Garza entitled to qualified immunity?

Answer "Yes" or "No".

Answer:_____

**Interrogatory No.\_\_\_**

What amount of money damages, if any, should be awarded to Carlos Trevino for the following:

Lost Wages in the past: _____

Lost Wages in the future: _____

Medical expenses reasonably incurred in the past:_____

Medical Expenses that will be reasonably incurred in the future:_____

Pain and suffering in the past: _____

Pain and suffering in the future: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

### Plaintiff's Witness List

1.    Raul Garza
      c/o counsel
      Seth Byron Dennis
      Assistant Attorney General
      Law Enforcement Defense Division
      P.O. Box 12548
      Capitol Station
      Austin, Texas  78711

      Will testify regarding the allegations against him.

2.    Lionel Trevino
      Texas Department of Public Safety
      1630 North 77
      Harlingen, Texas 78550

      Will testify regarding the incident in question.

3.    Donny Lopez
      Texas Department of Public Safety
      1630 North 77
      Harlingen, Texas 78550

      Will testify regarding the incident in question.

4.    David Ramos
      Texas Department of Public Safety
      P.O. 782
      Falfurrias, Texas 78355

      Will testify regarding the incident in question.

5.      George Garza
        Constable for Willacy County
        P.O. Box 73
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

6.      Juan Mendoza
        Constable for Willacy County
        P.O. Box 73
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

7.      Bill Calvin
        Willacy County Sheriff's Department
        576 West Main
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

8.      Ed Gonzalez
        Texas Department of Public Safety
        1630 North 77
        Harlingen, Texas 78550

        Will testify regarding the incident in question.

9.      William J. Carmouche
        Immigration and Naturalization Service
        2230 East Highway 83
        Rio Grande City, Texas

        Will testify regarding the incident in question.

10.     Ruben Ramirez, Jr.
        Immigration and Naturalization Service
        P.O. Box 479
        Falfurrias, Texas 78355

        Will testify regarding the incident in question.

11.     Carlos Trevino
        c/o counsel
        Reynaldo Garza, III

Law Office of Ernesto Gamez, Jr., P.C.
777 E Harrison Street
Brownsville, Texas 78520

Will testify regarding the incident in question.

12.    Sylvia Pinales
       c/o counsel
       Reynaldo Garza, III
       Law Office of Ernesto Gamez, Jr., P.C.
       777 E Harrison Street
       Brownsville, Texas 78520

Will testify regarding the incident in question.

13.    Alejandro Trevino
       c/o counsel
       Reynaldo Garza, III
       Law Office of Ernesto Gamez, Jr., P.C.
       777 E Harrison Street
       Brownsville, Texas 78520

Will testify regarding the incident in question.

14.    Claudia Pinales
       c/o counsel
       Reynaldo Garza, III
       Law Office of Ernesto Gamez, Jr., P.C.
       777 E Harrison Street
       Brownsville, Texas 78520

Will testify regarding the incident in question.

15.    Elsa Guerrero
       c/o counsel
       Reynaldo Garza, III
       Law Office of Ernesto Gamez, Jr., P.C.
       777 E Harrison Street
       Brownsville, Texas 78520

Will testify regarding the incident in question.

16.   Felipe Escobedo
      Texas Department of Public Safety
      P.O. Box 762
      Weslaco, Texas 78599

      Will testify regarding his investigation into the incident in question.

17.   Carlos Treviño **(Plaintiff)**
      2425 Barnard Road, Apartment 37A
      Brownsville, Texas 78520
      (956) 504-1375

      I was the driver of the Ford F-150 truck on the date of the incident on **July 22, 2001**. I
      have knowledge of the events leading up to and including the **July 22, 2001** incident
      made the basis of this lawsuit. I also have knowledge of the bodily injuries and damages
      sustained by me as a result of the incident. I also have knowledge of the physical pain
      and mental anguish which I sustained as a result of the incident. I also have knowledge of
      the physical pain and mental anguish which I have experienced and will experience in the
      future due to my injuries. Additionally, I have knowledge of the pain, discomfort, and
      problems experienced by me due to the injuries I sustained. Furthermore, I have
      knowledge of the medical care, medical treatment, and/or professional services rendered
      to me as a result of the injuries I sustained. I also have knowledge of the medication
      prescribed to me and the medical expenses incurred by me.

18.   Elsa Guerrero **(Plaintiff)**
      2425 Barnard Road, Apartment 29A
      Brownsville, Texas 78520
      (956) 550-8117

      Ms. Guerrero was one of the passengers in the Ford F-150 truck on the date of the
      incident on **July 22, 2001**. She has knowledge of the events leading up to and including
      the **July 22, 2001** incident made the basis of this lawsuit. She also has knowledge of the
      bodily injuries and damages sustained by her as a result of the incident. She also has
      knowledge of the physical pain and mental anguish which she has experienced and will
      experience in the future due to her injuries. Additionally, she has knowledge of the pain,
      discomfort, and problems experienced by her due to the injuries she sustained.
      Furthermore, she has knowledge of the medical care, medical treatment, and/or
      professional services rendered to her as a result of the injuries she sustained. She also has
      knowledge of the medication prescribed to her and the medical expenses incurred by her.

19.   Alejandro Treviño **(Plaintiff)**
      2425 Barnard Road, Apartment 29A
      Brownsville, Texas 78520
      (956) 550-8117

Mr. Treviño was one of the passenger in the Ford F-150 truck on the date of the incident on **July 22, 2001**. He has knowledge of the events leading up to and including the **July 22, 2001**, incident made the basis of this lawsuit. He also has knowledge of the bodily injuries and damages sustained by him as a result of the incident. He also has knowledge of the physical pain and mental anguish which he has experienced and will experience in the future due to his injuries. Additionally, he has knowledge of the pain, discomfort, and problems experienced by him due to the injuries he sustained. Furthermore, he has knowledge of the medical care, medical treatment, and/or professional services rendered to him as a result of the injuries he sustained. He also has knowledge of the medication prescribed to him and the medical expenses incurred by him.

20.  Sylvia Pinales **(Plaintiff)**
     2425 Barnard Road, Apartment 37A
     Brownsville, Texas 78520
     (956) 504-1375

     Ms. Pinales is my wife. She was a passenger in the Ford F-150 truck on the date of the incident on **July 22, 2001**. She has knowledge of the events leading up to and including the **July 22, 2001** incident made the basis of this lawsuit. She also has knowledge of the bodily injuries and damages sustained by her as a result of the incident. She also has knowledge of the physical pain and mental anguish which she has experienced and will experience in the future due to her injuries. Additionally, she has knowledge of the pain, discomfort, and problems experienced by her due to the injuries she sustained. Furthermore, she has knowledge of the medical care, medical treatment, and/or professional services rendered to her as a result of the injuries she sustained. She also has knowledge of the medication prescribed to her and the medical expenses incurred by her.

21.  Claudia Pinales **(Plaintiff)**
     2425 Barnard Road, Apartment 37A
     Brownsville, Texas 78520
     (956) 504-1375

     Ms. Pinales was a passenger in the Ford F-150 truck on the date of the incident on **July 22, 2001**. She has knowledge of the events leading up to and including the **July 22, 2001** incident made the basis of this lawsuit. She also has knowledge of the bodily injuries and damages sustained by her as a result of the incident. She also has knowledge of the physical pain and mental anguish which she has experienced and will experience in the future due to her injuries. Additionally, she has knowledge of the pain, discomfort, and problems experienced by her due to the injuries she sustained. Furthermore, she has knowledge of the medical care, medical treatment, and/or professional services rendered to her as a result of the injuries she sustained. She also has knowledge of the medication prescribed to her and the medical expenses incurred by her.

22.  Ramiro Sanchez (friend)

Mrs. Sanchez is a family friend. He has knowledge as to the injuries and damages that I sustained as a result of the incident on **July 22, 2001.**

23.     Oscar Lozoya (friend)

Mr. Lozoya is a family friend. He has knowledge as to the injuries and damages that I sustained as a result of the incident on **July 22, 2001.**

24.     Ramon Loji-Hui, M.D. **(Attending Physicians)**
        **c/o Columbia Valley Regional Medical Center**
        100A Alton Gloor Boulevard
        Brownsville, Texas 78526
        (956) 350-7000

Dr. Loji-Hui is a medical doctor. He rendered medical care, medical treatment and/or professional services to me as a result of the injuries I sustained on **July 22, 2001.** He has knowledge of the medical care, medical treatment, and/or professional services, which he rendered to me. He also has knowledge of the fact that said care treatment, and services were necessary. Additionally, he has knowledge of the charges which I incurred and the fact that these charges are reasonable and are the usual and customary charges made for such services in Cameron County and in the State of Texas. Furthermore, he has knowledge of the prognosis and diagnosis of my injuries as well as the extent of my respective injuries.

25.     H. Burt Spangler, M.D. **(Radiologist)**
        **c/o Columbia Valley Regional Medical Center**
        100 Alton Gloor Boulevard
        Brownsville, Texas   78520
        (956) 350-7000

Dr. Spangler is a radiologist who rendered medical care medical treatment and/or professional services to me as a result of the injuries I sustained on or about July 22, 2001. He is expected to testify as to the medical care, treatment and/or professional services which he rendered to me. Dr. Spangler is also expected to testify as to the contents of my medical records, including, but not limited to hospital records, physician's orders, x-ray interpretation records, and assessment evaluations. Dr. Spangler is also expected to testify as to the medical charges and/or expenses incurred by me which are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Additionally, Dr. Spangler may also testify as to my diagnosis and prognosis, based on reasonable medical probability, as to the cause of my respective injuries. Any additional knowledge held by Dr. Spangler is unknown to me at this time.

26.     Diane Clark **(Custodian of medical records)**

**c/o Columbia Valley Regional Medical Center**
100 Alton Gloor Boulevard
Brownsville, Texas  78520
(956) 350-7000

Ms. Clark is the Custodian of the medical records of Columbia Valley Regional Medical Center.  She has knowledge as to the authenticity of the medical records, narratives, and x-ray films which she has furnished in regard to Depositions Upon Written Questions and/or self-authentication records.  She further has knowledge as to the contents of the hospital records and medical records which have been furnished to counsel.

27.    Allen J. Sam, D.C.
**c/o First Rio Valley Medical, P.A.**
620 Paredes
Brownsville, Texas 78520
(956) 548-2225

Dr. Sam is a chiropractor who rendered medical care, chiropractic treatment and/or professional services to me as a result of the injuries I sustained on **July 22, 2001**.  He has knowledge of the medical care, chiropractic treatment, and/or professional services, which he rendered to me.  He also has knowledge of the fact that said care treatment and services were necessary.  Additionally, he has knowledge of the charges which I incurred and the fact that these charges are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas.  Furthermore, he has knowledge of the prognosis and diagnosis of my injuries as well as the extent of my injuries.

28.    Adriana Leija **(Custodian of medical bills and medical records)**
**c/o First Rio Valley Medical, P.A.**
620 Paredes
Brownsville, Texas  78520
(956) 548-225

Ms. Leija is the Custodian of the medical bills and medical records of First Rio Valley Medical, P.A. which pertain to me.  She has knowledge as to the authenticity of the medical records, hospital records, x-ray films, medical bills, and itemized statement which she has furnished in regard to Depositions Upon Written Questions and/or self-authentication records.  She further has knowledge as to the contents of the medical records, hospital records, x-ray films, medical bills, and itemized statement which have been furnished to counsel.

29.    Manuel S. Rose, M.D., D.A.B.R.
Diagnostic Radiology Specialists, P.A.
**c/o First Rio Valley Medical, P.A.**

620 Paredes
Brownsville, Texas   78520
(956) 548-225

Dr. Rose is a radiologist who rendered medical care medical treatment and/or professional services to me as a result of the injuries I sustained on or about **July 22, 2001**. He is expected to testify as to the medical care, treatment and/or professional services which he rendered to me. Dr. Rose is also expected to testify as to the contents of my medical records, including, but not limited to hospital records, physician's orders, x-ray interpretation records, MRI interpretation records and assessment evaluations. Dr. Rose is also expected to testify as to the medical charges and/or expenses incurred by me which are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Additionally, Dr. Rose may also testify as to my diagnosis and prognosis, based on reasonable medical probability, as to the cause of my respective injuries. Any additional knowledge held by Dr. Rose is unknown to me at this time.

30.   Z. Al-Amiri, M.D. **(Radiologist)**
      **c/o Rio Grande Valley Imaging**
      Omni Pavillion
      1900 Expressway 77/83, Suite C2
      Brownsville, Texas   78521
      (956) 546-9446

Dr. Al-Amiri is a radiologist who rendered medical care medical treatment and/or professional services to me as a result of the injuries I sustained on or about **July 22, 2001**. He is expected to testify as to the medical care, treatment and/or professional services which he rendered to me. Dr. Al-Amiri is also expected to testify as to the contents of my medical records, including, but not limited to hospital records, physician's orders, x-ray interpretation records, MRI interpretation records and assessment evaluations. Dr. Al-Amiri is also expected to testify as to the medical charges and/or expenses incurred by me which are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Additionally, Dr. Al-Amiri may also testify as to my diagnosis and prognosis, based on reasonable medical probability, as to the cause of my respective injuries. Any additional knowledge held by Dr. Al-Amiri is unknown to me at this time.

31.   Yolanda Herrera **(Custodian of medical bills and medical records)**
      **c/o Rio Grande Valley Imaging**
      1900 Expressway 77/83, Suite C-2
      Omni Pavillion
      Brownsville, Texas   78521
      (956) 546-9446

Ms. Herrera is the Custodian of the medical bills and medical records of Rio Grande Valley Imaging which pertain to me. She has knowledge as to the authenticity of the medical records, hospital records, x-ray films, MRI records interpretation, medical bills, and itemized statement which she has furnished in regard to Depositions Upon Written Questions and/or self-authentication records. She further has knowledge as to the contents of the medical records, hospital records, x-ray films, MRI interpretation records, medical bills, and itemized statement which have been furnished to counsel.

32.    Madhavan Pisharodi, M.D.
       **c/o Pisharodi Clinic**
       942 Wildrose Lane
       Brownsville, Texas 78520
       (956) 541-6725

       Dr. Pisharodi is a medical doctor. He rendered medical care, medical treatment and/or professional services to me as a result of the injuries I sustained on **July 22, 2001**. He has knowledge of the medical care, medical treatment, and/or professional services, which he rendered to me. He also has knowledge of the fact that said care treatment, and services were necessary. Additionally, he has knowledge of the charges which I incurred and the fact that these charges are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Furthermore, he has knowledge of the prognosis and diagnosis of my injuries as well as the extent of my respective injuries.

33.    Jose Kuri, M.D.
       **c/o Valley Regional Medical Center**
       100 Alton Gloor Boulevard
       Brownsville, Texas   78520
       (956) 350-7000

       Dr. Kuri is a medical doctor. He rendered medical care, medical treatment and/or professional services to me as a result of the injuries I sustained on **July 22, 2001**. He has knowledge of the medical care, medical treatment, and/or professional services, which he rendered to me. He also has knowledge of the fact that said care treatment, and services were necessary. Additionally, he has knowledge of the charges which I incurred and the fact that these charges are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Furthermore, he has knowledge of the prognosis and diagnosis of my injuries as well as the extent of my respective injuries.

34.    Richard W. Naufal, M.D. (Radiologist)
       **c/o Valley Regional Medical Center**
       100 Alton Gloor Boulevard
       Brownsville, Texas   78520
       (956) 350-7000

Dr. Naufal is a radiologist who rendered medical care medical treatment and/or professional services to me as a result of the injuries I sustained on or about **July 22, 2001**. He is expected to testify as to the medical care, treatment and/or professional services which he rendered to me. Dr. Naufal is also expected to testify as to the contents of my medical records, including, but not limited to hospital records, physician's orders, x-ray interpretation records, MRI interpretation records and assessment evaluations. Dr. Naufal is also expected to testify as to the medical charges and/or expenses incurred by me which are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Additionally, Dr. Naufal may also testify as to my diagnosis and prognosis, based on reasonable medical probability, as to the cause of my respective injuries. Any additional knowledge held by Dr. Naufal is unknown to me at this time.

35.    Salvador Maldonado (Radiologist)
    **c/o Valley Regional Medical Center**
    100 Alton Gloor Boulevard
    Brownsville, Texas  78520
    (956) 350-7000

Mr. Maldonado is a radiologist who rendered medical care medical treatment and/or professional services to me as a result of the injuries I sustained on or about **July 22, 2001**. He is expected to testify as to the medical care, treatment and/or professional services which he rendered to me. Mr. Maldonado is also expected to testify as to the contents of my medical records, including, but not limited to hospital records, physician's orders, x-ray interpretation records, MRI interpretation records and assessment evaluations. Mr. Maldonado is also expected to testify as to the medical charges and/or expenses incurred by me which are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas. Additionally, Mr. Maldonado may also testify as to my diagnosis and prognosis, based on reasonable medical probability, as to the cause of my respective injuries. Any additional knowledge held by Mr. Maldonado is unknown to me at this time.

36.    Alejandro J. Betancourt, M.D., P.A.
    **c/o Harlingen Spine & Neurological Surgical Institute**
    2121 Pease Street, Suite 304
    Harlingen, Texas  78550
    (956) 425-3706

Dr. Betancourt is a medical doctor. He rendered medical care, medical treatment and/or professional services to me as a result of the injuries I sustained on **July 22, 2001**. He has knowledge of the medical care, medical treatment, and/or professional services, which he rendered to me. He also has knowledge of the fact that said care treatment, and services were necessary. Additionally, he has knowledge of the charges which I incurred and the

fact that these charges are reasonable and are the usual and customary charges made for such services in Cameron County, and in the State of Texas.  Furthermore, he has knowledge of the prognosis and diagnosis of my injuries as well as the extent of my respective injuries.

37.    Raul Garza **(Defendant)**
       c/o Hon. Seth Bryon Dennis
       **Assistant Attorney General**
       P.O. Box 12548
       Austin, Texas 78711
       (512) 463-2080

       Trooper Garza is one of the defendants in this case.  He has knowledge as to how the incident occurred

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

## Plaintiff's Exhibit List

| | Description | Offered | Obj. | Disposition |
|---|---|---|---|---|
| 1 | Videotape of incident | | | |
| 2 | Audiotape of incident | | | |
| 3 | Medical records for Carlos Trevino from Dr. A. Betancourt | | | |
| 4 | Medical Bills for Carlos Trevino From Dr. A. Betancourt | | | |
| 5 | Medical Records for Carlos Trevino from First Rio Valley Medical, P.A. | | | |
| 6 | Medical bills for Carlos Trevino from First Rio Valley, P.A. | | | |
| 7 | Medical records for Carlos Trevino from Valley Regional Medical Center | | | |
| 8 | Medical bills for Carlos Trevino from Valley Regional Medical Center | | | |
| 9 | Medical records for Carlos Trevino from Brownsville Open M.R.I. | | | |

| 10 | Medical bills for Carlos Trevino from Brownsville Open M.R.I. | | | |
|----|----|----|----|----|
| 11 | Medical records for Carlos Trevino from Dr. Mahavan Pashardi | | | |
| 12 | Medical bills for Carlos Trevino from Dr. Mahavan Pashardi | | | |
| 13 | Medical records for Carlos Trevino from Rio Grande Valley Imaging | | | |
| 14 | Medical bills for Carlos Trevino from Rio Grande Valley Imaging | | | |
| 15 | Letter from Charles Graham to Carlos Trevino dated 8/28/2001 | | | |
| 16 | Personal Complaint affidavit of Carlos Trevino Dated August 28, 2001 | | | |
| 17 | Affidavit of acknowledgment of Sylvia Trevino dated August 28, 2001 | | | |
| 18 | Affidavit of acknowledgment of Claudia Pinales dated August 28, 2001 | | | |
| 19 | Affidavit of acknowledgment of Alejendro Guerrero dated August 28, 2001 | | | |
| 20 | Affidavit of acknowledgment of Sylvia Trevino dated August 28, 2001 | | | |
| 21 | Transcribed statement of Elsa Guerrero dated September 17, 2001. | | | |

| | | | | |
|---|---|---|---|---|
| 22 | Transcribed statement of Claudia Pinales dated September 17, 2001 | | | |
| 23 | Transcribed statement of Sylvia Pinales Trevino dated September 17, 2001 | | | |
| 24 | Transcribed statement of Carlos Luis Trevino Cisneros dated September 17, 2001 | | | |
| 25 | Transcribed statement of Alejandro Guerrero Trevino dated September 17, 2001 | | | |
| 26 | Trooper Raul Garza's Employment file with the Texas Department of Public Safety. | | | |
| 27 | Texas Department of Public Safety Training Materials (multiple exhibits same number Exhibits. 27(a) - 27(b) etc. | | | |
| 28 | | | | |
| 29 | | | | |
| 30 | | | | |
| 31 | | | | |
| 32 | | | | |
| 33 | | | | |
| 34 | | | | |
| 35 | | | | |
| 36 | | | | |
| 37 | | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

### Defendants' Requested Jury Voir Dire

Defendants in the above styled and numbered cause requests that the following questions be asked of the jury panel, in the same or substantially similar wording:

1. Have you or any members of your family or close friends ever had any dealings with the Office of the Attorney General, or have you or any relatives or close friends ever worked for the Office of the Attorney General or been involved in a lawsuit in which one side was represented by the Office of the Attorney General?

2. Have you or members of your family or close friends ever sued the State of Texas, an agency of the State or any employees of the State?

3. Have you, your family members or close friends ever been a plaintiff in a lawsuit for any reason?

4. Do you know, or have you, your family members, or close friends, ever had any dealings whatsoever with any of these individuals? (Plaintiffs and Defendants, together with their witnesses)

5. Some of the witnesses are peace officers. Would any of you be less inclined to credit the testimony of a peace officer simply because of his position?

6. Have you, your family members or close friends ever been arrested? If so, did the

arrested person feel that they had been unfairly treated during or after the arrest?  Was the arrested person placed in jail or prison?  If so, did he or she feel that he or she had been mistreated by the guards or other inmates?

7.  Are any of you, your family members, or close friends, lawyers or law students, or have any of ever studied law in the past?

8.  Have any of you, your family members or close friends ever been a witness to, victim of, or detained, or arrested for any crime?

9.  Have any of you ever sat on a jury in a civil trial?

10.  Do any of you feel that just because a person is injured during an incident, mentally or physically, that someone else must be at fault?

11.  Has anyone formed or expressed an opinion that a plaintiff generally or these plaintiffs should recover from the defendants?

12.  Do any members of the panel belong to any organization which has as one of its goals the protection of civil rights?  Would this affiliation make you more likely to favor the plaintiffs if they says their civil rights were violated?

13.  Have any of you, your family members or close personal friends ever filed a claim or complaint or are planning to file a claim or complaint concerning discrimination or violation of your civil rights?

14.  Based on everything you now know about the case, have you formed an opinion as the plaintiffs' right to recover against the defendants, or do you feel that there is any reason why you cannot render a fair and impartial verdict based solely on the evidence you hear at trial and the law as I instruct you in it, and without regard to passion, prejudice or sympathy?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO**, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS**, *et al.*, | § | |
| *Defendants*. | § | **JURY** |

**Excessive Force
Instruction No.___**

Plaintiffs have alleged that Trooper Garza used excessive force against them. In order to demonstrate the use of excessive force, the plaintiff must prove some injury, which resulted directly and only from the use of force that was clearly excessive to the need, and that the force used was objectively unreasonable. Additionally, plaintiff is required to have suffered at least a *de minimis* injury. Whether an injury is *de minimis* is determined by the context is which it arose. Mere allegations of verbal abuse do not present actionable claims under §1983. Handcuffing too tightly, without more, does not amount to excessive force. Pointing a gun at unknown individuals during a potential arrest does not constitute excessive force.

*Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

*Bender v. Brumley*, 994 F.2d 1151, 1155 n.4 (5th Cir. 1993).

*Glenn v. City of Tyler*, 242 F.2d 307, 314 (5th Cir. 2001).

*Mouille v. City of Live Oak, Texas*, 977 F.2d 924 (5th Cir. 1992).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO, *et al.*,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS, *et al.*,** | § | |
| *Defendants.* | § | **JURY** |

### Qualified Immunity
### Instruction No.____

If you find that Plaintiffs have proven their claims, then you must consider whether Trooper Garza acted with qualified immunity. Qualified immunity shields a public employee from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. A public employee should not be punished for performing his functions if such actions were reasonable under the circumstances. Without such assurances, public employees would be unable to make decisions that are necessary to accomplish the public's business.

As a peace officer, Trooper Garza is a public employee. Peace officers are presumed to know about the basic, unquestioned constitutional rights of inmates. Thus Plaintiffs need not prove that Trooper Garza acted with specific knowledge of the particular right that was violated.

In this case, Trooper Garza claims that he is entitled to qualified immunity because his actions were objectively reasonable. The burden is on Plaintiffs to overcome Trooper Garza's defense of qualified immunity. To do so, Plaintiffs must show that Trooper Garza's conduct was not objectively reasonable under the circumstances. Qualified immunity would be defeated if a public employee knew or reasonably should have known that the action they took within their

sphere of official responsibility would violate the constitutional rights of the Plaintiffs, or if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. Ct. 2727 (1982).

*Mitchell v. Forsyth,* 472 U.S. 511, 105 S. Ct. 2806 (1985).

*Anderson v. Creighton,* 483 U.S. 635, 107 S. Ct. 3034 (1987).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO**, *et al.*, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS**, *et al.*, | § | |
| *Defendants.* | § | **JURY** |

**Privileged Use of Force**
**Instruction No.___**

A peace officer is justified in using force against another when and to the degree the actor

reasonably believes the force is immediately necessary to make or assist in making an arrest if:

(1) the peace officer reasonably believes the arrest is lawful; and

(2) before using force, peace officer manifests his purpose to arrest and identifies himself as a

peace officer, unless he reasonably believes his purpose and identity are already known by or

cannot reasonably be made known to the person to be arrested.

Texas Penal Code § 9.51

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

**False arrest**
**Instruction No.___**

False arrest claims are analyzed under the Fourth Amendment. To ascertain whether an officer is entitled to qualified immunity in a false arrest claim, you must determine whether a reasonable officer could have thought he had probable cause to arrest someone he believed had, or will commit an offense, in light of the circumstances he faces and the law which was clearly established. There must not even arguably be probable cause for the search and arrest for immunity to be lost. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. Thus, if there was probable cause for any of the charges made then the arrest was supported by probable cause, and the claim for false arrest fails.

An officer is immune from suit even if it is later determined that probable cause did not exist. If reasonable officers could disagree whether probable cause existed, immunity is recognized. The false arrest standard provides ample room for mistaken judgment, protecting all but those who knowingly violate the law or who are plainly incompetent. The Fourth amendment does not guarantee that only the guilty will be arrested. Indeed, if it were otherwise, every acquitted defendant, every suspect released, would have a false arrest claim under §1983.

*Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994).

*Gibson v. Rich*, 44 F.3d 274 (5th Cir. 1995).

*Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

*Hart v. O'Brien*, 127 F.3d 424, 444 (5th Cir. 1997).

*Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 1557 (2001).

*Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

*Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

## Jury Interrogatories

**Interrogatory No.___**

Do you find that Plaintiffs proved by a preponderance of the evidence that Trooper Garza used excessive force?

Answer "Yes" or "No".

Answer:_____

**Interrogatory No.___**

Is Trooper Garza entitled to qualified immunity?

Answer "Yes" or "No".

Answer:_____

**Interrogatory No.___**

Where the actions of Trooper Garza the privileged use of force?

Answer "Yes" or "No".

Answer:_____

**Interrogatory No.___**

Do you find that Plaintiffs proved by a preponderance of the evidence that Trooper Garza

falsely arrested them?

Answer "Yes" or "No".

Answer:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

### Defendants' Witness List

1.   Raul Garza
     c/o counsel
     Seth Byron Dennis
     Assistant Attorney General
     Law Enforcement Defense Division
     P.O. Box 12548
     Capitol Station
     Austin, Texas  78711

     Will testify regarding the allegations against him.

2.   Lionel Trevino
     Texas Department of Public Safety
     1630 North 77
     Harlingen, Texas 78550

     Will testify regarding the incident in question.

3.   Donny Lopez
     Texas Department of Public Safety
     1630 North 77
     Harlingen, Texas 78550

     Will testify regarding the incident in question.

4.   David Ramos
     Texas Department of Public Safety
     P.O. 782
     Falfurrias, Texas 78355

     Will testify regarding the incident in question.

5.      George Garza
        Constable for Willacy County
        P.O. Box 73
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

6.      Juan Mendoza
        Constable for Willacy County
        P.O. Box 73
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

7.      Bill Calvin
        Willacy County Sheriff's Department
        576 West Main
        Raymondville, Texas 78580

        Will testify regarding the incident in question.

8.      Ed Gonzalez
        Texas Department of Public Safety
        1630 North 77
        Harlingen, Texas 78550

        Will testify regarding the incident in question.

9.      William J. Carmouche
        Immigration and Naturalization Service
        2230 East Highway 83
        Rio Grande City, Texas

        Will testify regarding the incident in question.

10.     Ruben Ramirez, Jr.
        Immigration and Naturalization Service
        P.O. Box 479
        Falfurrias, Texas 78355

        Will testify regarding the incident in question.

11.     Carlos Trevino
        c/o counsel
        Reynaldo Garza, III

Law Office of Ernesto Gamez, Jr., P.C.
777 E Harrison Street
Brownsville, Texas 78520

Will testify regarding the incident in question.

12.   Sylvia Pinales
      c/o counsel
      Reynaldo Garza, III
      Law Office of Ernesto Gamez, Jr., P.C.
      777 E Harrison Street
      Brownsville, Texas 78520

      Will testify regarding the incident in question.

13.   Alejandro Trevino
      c/o counsel
      Reynaldo Garza, III
      Law Office of Ernesto Gamez, Jr., P.C.
      777 E Harrison Street
      Brownsville, Texas 78520

      Will testify regarding the incident in question.

14.   Claudia Pinales
      c/o counsel
      Reynaldo Garza, III
      Law Office of Ernesto Gamez, Jr., P.C.
      777 E Harrison Street
      Brownsville, Texas 78520

      Will testify regarding the incident in question.

15.   Elsa Guerrero
      c/o counsel
      Reynaldo Garza, III
      Law Office of Ernesto Gamez, Jr., P.C.
      777 E Harrison Street
      Brownsville, Texas 78520

      Will testify regarding the incident in question.

16.    Felipe Escobedo
        Texas Department of Public Safety
        P.O. Box 762
        Weslaco, Texas 78599

        Will testify regarding his investigation into the incident in question.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **CARLOS TREVINO,** *et al.,* § | |
| *Plaintiffs,* § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-165 |
| § | |
| **STATE OF TEXAS,** *et al.,* § | |
| *Defendants.* § | **JURY** |

## Defendants' Exhibit List

| | Description | Offered | Obj. | Disposition |
|---|---|---|---|---|
| 1 | Videotape of incident | | | |
| 2 | Audiotape of incident | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |
| 15 | | | | |