IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARLOS TREVINO, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| Defendants. | § | **JURY** |

**Defendants' Reply to Plaintiffs' Response to
Defendants' Motion for Summary Judgment**

Defendants Raul Garza and the Texas Department of Public Safety file this reply to Plaintiffs' response to their motion for summary judgment, asking the Court to grant their motion for summary judgment.

**Exhibits**

Exhibit G:   Deposition excerpts of Plaintiff Alejandro Trevino

Exhibit H:   Deposition excerpts of Plaintiff Claudia Pinales

Exhibit I:   Deposition excerpts of Plaintiff Elsa Guerrero

**Argument**

**Claims against the Texas Department of Public Safety**

Plaintiffs failed to present any evidence to the Court which refutes either the evidence or the arguments presented in the motion for summary judgment. Summary judgment is appropriate when the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party seeking summary judgment bears the burden of demonstrating an absence of evidence to support the non-movant's case." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) (citations omitted).



"Once the movant shows that no genuine issue of material fact exists, the burden shifts to the nonmovant to set forth specific facts to establish a genuine issue of material fact, without merely resting on allegations and denials." *Id.* (citations omitted). Plaintiffs have failed to provide any evidence to demonstrate a material fact regarding their claims against the Texas Department of Public Safety. Nothing is in dispute as to the claims against the Texas Department of Public Safety and summary judgment should be granted.

### Claims against Trooper Garza

#### Qualified immunity

Trooper Garza pled his entitlement to qualified immunity in his motion for summary judgment and presented evidence that his actions were objectively reasonable (Exhibit C). Once a defendant has submitted summary judgment evidence stating that his actions were objectively unreasonable, the burden shifts to the plaintiff to submit summary judgment evidence sufficient to defeat the defendant's entitlement to qualified immunity. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Reese v. Anderson*, 926 F.2d 494 (5th Cir. 1991). The Plaintiffs failed to submit any evidence that Trooper Garza's actions were objectively unreasonable. Therefore, no facts are in dispute regarding his entitlement to qualified immunity which would preclude summary judgment.

Moreover, what actually happened is not in dispute. Trooper Garza admits that he extracted Plaintiff Carlos Trevino from the truck, placed him on the ground and applied handcuffs (Exhibit C). Plaintiff Carlos Trevino's evidence does not refute this, but rather, it agrees with this version of events. The only question is whether Trooper Garza's action were objectively reasonable, a question initially for the Court to decide. *Mitchell v. Forsyth*, 472 U.S. 511, 527-529, 105 S. Ct. 2806, 2815-

2

2817 (1985). There are no questions of material fact that would preclude summary judgment. It is

undisputed that Trooper Garza's actions were objectively reasonable. Summary judgment on the

basis of qualified immunity should be granted as to Trooper Garza.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

DAVID A. TALBOT, JR.
Assistant Attorney General
Acting Chief, Law Enforcement Defense Division


SETH BYRON DENNIS
Assistant Attorney General
State Bar No. 00790580
Southern District No. 18527
P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

**Attorneys for Defendants**

3

## Certificate of Service

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment** has been served by United States mail, on this the 24th day of November, 2003, addressed to:

Reynaldo Garza, III
Law Office of Ernesto Gamez, Jr. P.C.
777 E Harrison Street
Brownsville, Texas  78520

SETH BYRON DENNIS
Assistant Attorney General

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

**Defendants' Reply to Plaintiffs' Response to
Defendants' Motion for Summary Judgment**

# EXHIBIT G

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
 2                    BROWNSVILLE DIVISION

 3   CARLOS TREVINO, et al,          *
          Plaintiffs,                *
 4                                   *
     VS.                             *  CIVIL ACTION NO
 5                                   *  B-02-165
                                     *
 6   STATE OF TEXAS, ET AL.,         *
          Defendants.                *  JURY

 7

 8

 9   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

10            ORAL VIDEOTAPED DEPOSITION OF

11               ALEJANDRO TREVINO

12                OCTOBER 7, 2003

13   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

14

15        ORAL VIDEOTAPED DEPOSITION of ALEJANDRO

16   TREVINO, produced as a witness at the instance of

17   the DEFENDANTS, and duly sworn, was taken in the

18   above-styled and numbered cause on the 7th day of

19   October, 2003, from 9:11 a.m. to 10:32 a.m., before

20   Kimberlye A. Furr, RPR, CSR, in and for the State

21   of Texas, reported by machine shorthand, at the

22   offices of ERNESTO GAMEZ, JR., P.C., 777 East

23   Harrison Street, Brownsville, Texas 78520, pursuant

24   to the Texas Rules of Civil Procedure and the

25   provisions stated on the record or attached herein.
```

A BETTER COURT REPORTING SERVICE, INC.

1  questions to you, unless I specifically ask about

2  other people.

3       A.   Okay.

4       Q.   Have you ever been arrested?

5       A.   No, sir.

6       Q.   Have you ever been a part of any other

7  lawsuits?

8       A.   No, sir.

9            MR. GARZA:  Can I -- can I do

10 something real quick?

11           MR. DENNIS:  Sure.

12           MR. GARZA:  May I voir dire my own

13 witness briefly on some issues that may hurry up

14 your -- your deposition and help you get out of

15 this matter?

16           MR. DENNIS:  Okay.

17           MR. GARZA:  Give me about ten

18 questions.

19           MR. DENNIS:  All right.

20                    **EXAMINATION**

21 QUESTIONS BY MR. GARZA:

22      Q.   Alejandro, I'm Reynaldo Garza.  I

23 represent you and your family members in this case.

24 Correct?

25      A.   Yes, sir.

A BETTER COURT REPORTING SERVICE, INC.

```
 1        Q.    You are currently -- you currently

 2  understand that you do not have a claim that you

 3  think will go to trial against the Department of

 4  Public Safety or Trooper Raul Garza.   Correct?

 5        A.    Yes, sir.

 6        Q.    And to the extent that there are any

 7  pleadings which allege that you do have a claim

 8  you've authorized me to dismiss any claims that you

 9  have.  Correct?

10        A.    Yes, sir.

11        Q.    So at this point, you are not a plaintiff

12  party in the lawsuit currently pending against Raul

13  Garza and the --

14        A.    No, sir.

15        Q.    -- Texas Department of Public Safety, are

16  you?

17        A.    No, sir.

18        Q.    And on the record now today, you're

19  telling me and the State that you are not pursuing

20  claims as a party?

21        A.    Yes, sir.

22        Q.    Okay.  And that if there are any claims,

23  you've ordered me to dismiss them.  And this --

24  this deposition can be used against you later if

25  you do happen to have a claim.  Correct?
```

A BETTER COURT REPORTING SERVICE, INC.

1    A.    Okay.  Yes, sir.

2              MR. GARZA:  Okay.  Thank you.

3              MR. DENNIS:  Sounds good.

4                       **EXAMINATION**

5    QUESTIONS BY MR. DENNIS:

6    Q.    All right.  Then, so, let's jump to the

7    incident.

8              As I understand it from the -- from

9    testimony I've already heard, y'all were traveling

10   from San Antonio to Brownsville that day.  Correct?

11   A.    Yes, sir.

12   Q.    And if you could, give me the seating

13   arrangement inside the pickup truck that day.

14   A.    Okay.  Carlos Trevino, driving; Sylvia,

15   Trevino, passenger side.  Back seat:  Claudia

16   Pinales right behind the driver; me in the middle;

17   and my mother right behind the passenger side.

18   Q.    And that would be Elsa?

19   A.    Yes, Elsa Guerrero.  I'm sorry.

20   Q.    That's okay.

21             When did you first begin to notice

22   law enforcement when you got into this area, into

23   the valley area?

24   A.    They started -- a couple of troopers and

25   constables started just driving past us very -- at

                A BETTER COURT REPORTING SERVICE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO**, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS**, *et al.*, | § | |
| *Defendants*. | § | **JURY** |

**Defendants' Reply to Plaintiffs' Response to
Defendants' Motion for Summary Judgment**

# EXHIBIT H

1      IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF TEXAS
2              BROWNSVILLE DIVISION

3   CARLOS TREVINO, et al,          *
          Plaintiffs,               *
4                                   *
    VS.                             *  CIVIL ACTION NO
5                                   *  B-02-165
                                    *
6   STATE OF TEXAS, ET AL.,         *
          Defendants.               *  JURY
7

8

9   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

10          ORAL VIDEOTAPED DEPOSITION OF

11                CLAUDIA PINALES

12               OCTOBER 7, 2003

13  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

14

15          ORAL VIDEOTAPED DEPOSITION of CLAUDIA

16  PINALES, produced as a witness at the instance of

17  the DEFENDANTS, and duly sworn, was taken in the

18  above-styled and numbered cause on the 7th day of

19  October, 2003, from 10:41 a.m. to 12:07 p.m.,

20  before Kimberlye A. Furr, RPR, CSR, in and for the

21  State of Texas, reported by machine shorthand, at

22  the offices of ERNESTO GAMEZ, JR., P.C., 777 East

23  Harrison Street, Brownsville, Texas 78520, pursuant

24  to the Texas Rules of Civil Procedure and the

25  provisions stated on the record or attached herein.

       A BETTER COURT REPORTING SERVICE, INC.

```
 1              THE VIDEOGRAPHER:   On the record
 2   October 7th, 2003 at 10:41 a.m.
 3                (Julio Galvan sworn as interpreter.)
 4                CLAUDIA PINALES,
 5   having been first duly sworn, testified as follows:
 6                    EXAMINATION
 7   QUESTIONS BY MR. GARZA:
 8        Q.    Ma'am, would you state your name?
 9        A.    Claudia Yvette Pinales.
10        Q.    And you are currently a plaintiff in a
11   lawsuit against Raul Garza and the State of Texas.
12   Correct?
13        A.    Yes.
14        Q.    But you've discussed that with me, and
15   you're authorizing me to withdraw your claim
16   against the State of Texas and Raul Garza.
17   Correct?
18        A.    Yes.
19        Q.    In fact, you're stating that you were not
20   injured by Raul Garza, by his actions, or the State
21   of Texas, by the actions on that day?
22        A.    Yes.
23              MR. GARZA:   Pass the witness.
24                    EXAMINATION
25   QUESTIONS BY MR. DENNIS:
```

A BETTER COURT REPORTING SERVICE, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **CARLOS TREVINO,** *et al.,* | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-165 |
| | § | |
| **STATE OF TEXAS,** *et al.,* | § | |
| *Defendants.* | § | **JURY** |

**Defendants' Reply to Plaintiffs' Response to
Defendants' Motion for Summary Judgment**

# EXHIBIT I

```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
 2                        BROWNSVILLE DIVISION

 3   CARLOS TREVINO, et al,           *
              Plaintiffs,             *
 4                                    *
     VS.                              *  CIVIL ACTION NO
 5                                    *  B-02-165
                                      *
 6   STATE OF TEXAS, ET AL.,          *
              Defendants.             *  JURY
 7

 8

 9    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

10                 ORAL VIDEOTAPED DEPOSITION OF

11                        ELSA GUERRERO

12                       OCTOBER 7, 2003

13    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

14

15            ORAL VIDEOTAPED DEPOSITION of ELSA

16   GUERRERO, produced as a witness at the instance of

17   the DEFENDANTS, and duly sworn, was taken in the

18   above-styled and numbered cause on the 7th day of

19   October, 2003, from 2:32 p.m. to 3:00 p.m., before

20   Kimberlye A. Furr, RPR, CSR, in and for the State

21   of Texas, reported by machine shorthand, at the

22   offices of ERNESTO GAMEZ, JR., P.C., 777 East

23   Harrison Street, Brownsville, Texas 78520, pursuant

24   to the Texas Rules of Civil Procedure and the

25   provisions stated on the record or attached herein.
```

1          THE VIDEOGRAPHER:   On the record,

2   October 7, 2003, 2:32 p.m.

3                     (Julio's Galvan sworn as

4                     interpreter.)

5                     **ELSA GUERRERO,**

6   having been first duly sworn, testified as follows:

7                     **EXAMINATION**

8   QUESTIONS BY MR. GARZA:

9          Q.    Good afternoon, ma'am.  My name is

10   Reynaldo Garza.  You know me.   Right?

11          A.    Yes, sir.

12          Q.    And you're currently a plaintiff in this

13   lawsuit against Trooper Raul Garza and the State of

14   Texas.  Correct?

15          A.    Yes, sir.

16          Q.    And you and I have discussed the

17   likelihood of success on your case.  Correct?

18          A.    Yes, sir.

19          Q.    And you have -- you and I have agreed,

20   and you have agreed, have you not, that you will

21   drop your case, or be dropping your case, against

22   Raul Garza and the State of Texas.  Correct?

23          A.    Yes, sir.

24          Q.    And you're hereby stating that you are no

25   longer going to be seeking any damages from Raul

A BETTER COURT REPORTING SERVICE, INC.

1   Garza or the State of Texas.  Correct?

2         A.   Yes, sir.

3              MR. GARZA:  Okay.  I'll pass the

4   witness.

5              MR. DENNIS:  You didn't give her any

6   secrets there, did you?  When you spoke to her in

7   Spanish, you didn't give away any secrets there,

8   did you?

9              MR. GARZA:  No, no, no.

10             MR. DENNIS:  Okay.

11                      **EXAMINATION**

12  QUESTIONS BY MR. DENNIS:

13        Q.   Good afternoon, ma'am.  My name is Seth

14  Dennis.  I'm with the Attorney Generals's Office,

15  and I'm representing Trooper Garza and the

16  Department of Public of Safety in this lawsuit, and

17  I'll have a few questions for you this afternoon.

18  Okay?

19        A.   Okay, sir.

20        Q.   And I'll have to apologize in advance.  I

21  think I'm starting to lose my voice from talking

22  and from allergies, so if you do not understand me

23  or if you don't understand my question, please let

24  me know and I'll -- and I'll try to rephrase the

25  question.

A BETTER COURT REPORTING SERVICE, INC.